Fortuna v Daskawisz (2018 NY Slip Op 02599)





Fortuna v Daskawisz


2018 NY Slip Op 02599


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-11408
2016-02590
 (Index No. 11312/11)

[*1]Philip E. Fortuna, appellant, 
v
Steve Daskawisz, etc., et al., respondents.


P.M. Bernstein P.C., Garden City, NY (Philip M. Bernstein of counsel), for appellant.
Roe & Associates, Garden City, NY (Patrick B. McKeown of counsel), for respondent Steve Daskawisz.
Ciarelli & Dempsey P.C., Riverhead, NY (John L. Ciarelli of counsel), for respondents Long Island Yellow Cab Corp., Long Island Yellow Airport Service, Inc., Long Island Yellow Transit, Inc., Erl Management Corp., and Wolley Service Corp.
Long Tuminello, LLP, Bay Shore, NY (Karen S. Svendsen of counsel), for respondent Keith Kaufman.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated August 7, 2015, which granted the motion of the defendant Steve Daskawisz for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and (2) from so much of an order of the same court dated December 11, 2015, as, upon renewal, adhered to the original determination.
ORDERED that the appeal from the order dated August 7, 2015, is dismissed, as that order was superseded by the order dated December 11, 2015, made upon renewal; and it is further,
ORDERED that the order dated December 11, 2015, is reversed insofar as appealed [*2]from, on the law, and, upon renewal, the order dated August 7, 2015, is vacated, and the motion of the defendant Steve Daskawisz for summary judgment dismissing the complaint insofar as asserted against him is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
Contrary to the Supreme Court's determination, the plaintiff, in opposition to the defendant Steve Daskawisz's motion for summary judgment, raised a triable issue as to whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys. , 98 NY2d 345; Gaddy v Eyler , 79 NY2d 955, 956-957). Accordingly, upon renewal, the court should have denied the defendant Steve Daskawisz's motion for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court